UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FLOWERS, #297460,                     Case No. 08-10607

        Plaintiff,                                      District Judge Gerald E. Rosen

v.                                                                    Magistrate Judge R. Steven Whalen

LINDA METRISH, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Temporary Injunction [Docket #3], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the motion be DENIED.

**I.   BACKGROUND**

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate formerly housed at the Kinross Correctional Facility ("KCF"), filed a *pro se* complaint on February 12, 2008, alleging violations of his Eighth and Fourteenth Amendment rights pursuant 42 U.S.C. §1983 and Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132 *et seq.* The complaint centers on the Defendants' alleged refusal to provide the Plaintiff with a replacement hearing aid after his device was stolen, and the alleged denial of the use of a Telecommunication Device for the Deaf ("TDD").

On January 28, 2009, I issued a Report and Recommendation (R&R) that certain unexhausted claims be dismissed without prejudice, and that claims under the Eighth Amendment and the Americans with Disabilities Act ("ADA") be dismissed with prejudice.

In the present motion, Plaintiff seeks to enjoin unnamed MDOC staff members from continuing to harass him and subject him to "all manner of treatment, that one would call

-1-

cruel and very unusual punishment." He adds that "[i]t is very obvious to me that a large number of the staff in these prisons are not use[d] to dealing with people with hearing impairments."

## II.  STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for

the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.   ANALYSIS

First and foremost, the Court lacks jurisdiction to enter the order that Plaintiff seeks. His motion involves unnamed MDOC staff, but does not name the Defendants in the present case. Indeed, he has been transferred from the Kinross facility, from which his complaint originated, to the Macomb Correctional Facility ("MCF"). The unnamed MCF staff members are not parties to this lawsuit.  They have not been served.  Therefore, the Court has no personal jurisdiction over them. Fed.R.Civ.P. 12(b)(2). Further, Fed.R.Civ.P. 8 requires that the pleader set forth "the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it . . ."   Here, Plaintiff has not set forth any new grounds for jurisdiction over the unnamed MCF employees.  Thus, under the long-standing case of *Pennoyer v. Neff,* 95 U.S. 714 (1878), the court has no power to adjudicate Plaintiff's motion.

In addition, on January 28, 2009, I issued a Report and Recommendation that the complaint be dismissed.  The acceptance of my R&R will result in the dismissal of the complaint.  For the reasons set forth in my R&R, the Plaintiff has an extremely poor chance of success on the merits, the preeminent consideration in a motion for injunctive relief.  *Gonzales, supra*.

### IV.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Temporary Injunction [Docket #3] be DENIED.

Any objections to this Report and Recommendation must be filed  within ten (10)

-3-

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 11, 2009.

                                                  s/Susan Jefferson
                                                  Case Manager